BENSON *v.* THE MAYOR AND COUNCIL OF CARROLLTON.

ATKINSON, J.—The ordinance of the town of Carrollton, for a violation of which the accused was convicted in the municipal court of that town, not having been brought up, either in the petition for *certiorari* or the answer of the mayor, the superior court was

authorized, and this court is bound, to presume that such ordinance was in all respects legal; and the evidence being sufficient to support the charge against the accused as stated in the record, and the plaintiff in error failing to show by the record the commission of any error of law by the trial judge, his judgment overruling the *certiorari* will not be disturbed.     *Judgment affirmed.*

April 15, 1895. Brought forward from the last term.

*Certiorari.* Before Judge HARRIS. Carroll superior court. October term, 1893.

Bill Benson was tried before the mayor of the city of Carrollton for violating an ordinance of that city, and was found guilty and fined $50 and cost. On *certiorari* this judgment was sustained. The bill of exceptions recites that Benson was tried upon a charge of disorderly conduct; the petition for *certiorari* states that he was tried on the charge of keeping spirituous liquors for illegal sale or illegal furnishing. The only evidence was given by John Laidler, who testified, that he told Benson to bring him a quart of whisky from Atlanta, and some time afterwards he went to a house where Benson was and handed him an empty bottle; and Benson went into the back room of the house and returned with the bottle filled with whisky. Witness paid Benson forty cents for it. Benson told him, at this time, he wanted the money to pay freight on the whisky.

Benson stated that Laidler and others had asked him to bring them whisky from Atlanta, and he brought it for them. Laidler had asked him to bring a quart. When he came for it there was only a pint left; and Benson let him have it for forty cents, what it cost in Atlanta. Benson also stated that he had no whisky for illegal sale or furnishing.

The errors assigned in the petition for *certiorari* are: (1) That the ordinance of said city against keeping liquors etc. for unlawful sale or unlawful furnishing, is null and void, contrary to the constitution and laws of Georgia, contrary to the authority granted in the char-

ter of the city, and in conflict with the act of 1880 pro-
hibiting the sale or furnishing of liquor in the 714th
district G. M.   (2) That the judgment is contrary to
evidence, there being no evidence that defendant kept
liquor for illegal sale or furnishing.   (3) That disorderly
conduct is an act calculated to disturb the citizens at the
time, must be riotous or boisterous, and attract atten-
tion of the people of the neighborhood.   (4) That there
was no evidence that Benson was a dealer or trader in
liquors, or that he kept them for sale or other illegal
purposes.

OSCAR REESE, for plaintiff in error.
ADAMSON & JACKSON, contra.