### McCORD COMPANY *v.* CALLAWAY & COMPANY.

1. One member of a mercantile partnership has no right, over the objection of another member to (1) execute in the partnership name promissory notes due immediately, in settlement of partnership debts which have not matured, or (2) to execute in the partnership name a mortgage upon its goods to secure the payment of such notes, or (3) to thus mortgage such goods to secure the payment of an individual debt of the partner signing the mortgage, or (4) to execute such a mortgage for the purpose of obtaining his release either from such a debt or from his individual liability upon the debts of the firm.

2. A mortgagee who with knowledge of the facts accepts a mortgage executed in the name of a partnership by one of its members without authority and over the objection of another partner takes subject to the right of the partnership to repudiate the mortgage and resist its foreclosure.

3. When an attempt to foreclose such a mortgage is made, the objecting partner may defend in the name of the partnership, and to this end may in its behalf file a proper affidavit of illegality and the statutory pauper affidavit in lieu of the bond required of solvent defendants in such cases.

Argued December 16, 1899. — Decided January 31, 1900.

Affidavit of illegality.   Before Judge Reid.   City court of Atlanta.   March 31, 1899.

*Hunt & Golightly,* for plaintiff.
*Daley & Hall,* for defendants.

LUMPKIN, P. J.   The mercantile firm of W. R. Callaway & Co. was composed of W. R. Callaway and W. F. Lilly.   The former executed and delivered to creditors of the firm a mortgage upon most, if not all, of its goods and chattels, to secure the payment of specified debts.   The mortgage was foreclosed, and after levy Lilly, in the name and behalf of the partnership, filed a counter-affidavit, and also the pauper affidavit in lieu of bond prescribed by section 2766 of the Civil Code.   The counter affidavit attacked the mortgage on various grounds, the nature of which is sufficiently indicated in the first headnote, and alleged that all the facts set up in this affidavit were known to the mortgagees at the time they accepted the mortgage.   On the trial of the case the plaintiff demurred to the counter affidavit, and moved to strike the pauper affidavit.   The court overruled the demurrer and denied the motion, and the plaintiff excepted.

1. This court, in *Fidelity Banking Co.* v. *Kangara Co.*, 92 *Ga.* 172, held that one partner could not, over the protest of another, mortgage the firm's assets even to secure the payment of a valid existing debt of the firm.   A brief statement of the reasons for this conclusion appears on pages 176 and 177.   This ruling was impliedly approved in *Kiser* v. *Carrollton Co.*, 96 *Ga.* 761 (2). If the law be as above indicated, certainly the defense set up against the mortgage now under consideration was good, if true, for it was not only executed over Lilly's objection, but obviously void for the other reasons alleged.

2. The second proposition laid down in this case needs no argument to prove its correctness.   It accords with the rule universally recognized that he who knowingly takes an instrument affected with an infirmity fatal to its validity takes nothing.

3. In the argument here, counsel for the plaintiff in error stressed mainly questions of practice.   Their contentions seem to be, (1) that in filing the affidavits Lilly was acting for nobody but himself; (2) that the defense ought to have been made by the partnership, which was not done because Callaway did not join in it; and (3) that Lilly could not, without Callaway's concurrence, make a defense for the firm.   It seems inconsistent to urge that Callaway could mortgage the goods

of the firm without Lilly's co-operation, and yet that the latter can not, in its name and behalf, file and maintain a good defense to this foreclosure proceeding. But both of these positions are untenable, for the reason that Callaway did something which he had no right to do, and Lilly did something which he had a perfect right to do. Of course, the defense had to be made by the firm, and this is exactly what was done. Lilly did not file the affidavits in any professed right as an individual. He filed them for the partnership. This was strictly within the scope of his duties as a partner. "Self-preservation is the first law of nature." If a partner can not do that which is essential to save the concern and its assets from total destruction, there is little, we imagine, which he could do. There was no need of Callaway's concurrence, for it was Lilly's right, with or without the approbation of his partner, to make for the firm the perfectly lawful defense which he set up. He was, in our opinion, fully authorized to protect it from the threatened wrong, and in so doing he was properly representing Callaway's interests as well as his own. There was no need for him to seek aid from a court of equity, as was suggested. The city court has ample power to give the partnership the benefit of the allegations made in the counter-affidavit, if they are sustained by evidence.

*Judgment affirmed. All the Justices concurring.*